IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| DARITECH, INC., a Washington corporation, | Case No. 2:18-cv-00090-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GREG TE VELDE, an individual, formerly doing business as Willow Creek Dairy, and doing business as Lost Valley Farm, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff DariTech, Inc., brings this action for breach of contract and related claims against defendant Greg Te Velde, formerly doing business as Willow Creek Dairy, and doing

business as Lost Valley Farm, to recover the unpaid balance on dairy farm equipment and services that plaintiff provided defendant. Defendant has not appeared or otherwise taken any action in this matter. The Court entered default on March 6, 2018. (Docket No. 9). Plaintiff filed a Motion for Default Judgment (Docket No. 10), on which the Court, finding the Motion deficient, ordered supplemental briefing (Docket No. 14). Plaintiff then filed an Amended Motion for Default Judgment. (Docket No. 15). On April 30, 2018, plaintiff filed a Notice that defendant filed for Chapter 11 bankruptcy on April 27, 2018, in the Eastern District of California. (Docket No. 18). On August 28, 2018, the Court stayed this matter pending the bankruptcy proceedings. (Docket No. 19). On August 31, 2018, plaintiff filed a Notice that the Bankruptcy Court had approved relief from the automatic stay of bankruptcy. (Docket No. 20).

On November 15, 2018, plaintiff filed an Unopposed Motion for Entry of Judgment Consistent with Stipulation between Parties and Order of Bankruptcy Court. (Docket No. 22). Pursuant to the stipulation between the parties, the parties move for this Court to enter Judgment in favor of plaintiff and against defendant in the amount of $396,271.47. The Court GRANTS plaintiff's motion.

## BACKGROUND

Plaintiff is a dairy equipment company that manufactures, supplies, and installs dairy farm equipment. Compl. ¶ 7 (Docket No. 1); Suppl. DeWaard Decl. ¶ 2 (Docket No. 16). Defendant had been developing and improving property in Morrow County, Oregon, to operate a dairy farm. Compl. ¶ 6; Suppl. DeWaard Decl. ¶ 3.

In March 2016, defendant ordered various pieces of dairy farming equipment from plaintiff. Compl. ¶ 8; Suppl. DeWaard Decl. ¶ 4. Defendant agreed to pay $862,952 for the

equipment. *Id.* Defendant made a 10% down payment in March 2016, with 70% of the agreed price to be paid upon delivery, and the remaining 20% to be paid within 30 days of completion of the order. *Id.* Plaintiff completed installation of the order in July 2017. Compl. ¶ 9; Suppl. DeWaard Decl. ¶ 5. Defendant then ordered additional equipment and services, in the amount of $342,993.16, which plaintiff delivered and provided. Compl. ¶ 10; Suppl. DeWaard Decl. ¶ 6.

Plaintiff has invoiced defendant and demanded payment for the supplied equipment, labor, service, and parts, but defendant has failed to pay the full balance owed. Compl. ¶ 11; Suppl. DeWaard Decl. ¶ 7. As of March 6, 2018, defendant had paid plaintiff $820,236.54, leaving a balance owed to plaintiff of $376,146.06, including interest. *Id.*; *see* Compl., Exs. 1 & 2; Suppl. DeWaard Decl. ¶ 7, Exs. 1 & 2.

Defendant was served with the Summons and Complaint in this action by substitute service on January 29, 2018, with follow-up mailing completed on January 30, 2018. (Docket No. 4). Proof of service was filed February 5, 2018. *Id.* On February 21, 2018, defendant's attorney contacted plaintiff's attorney and informed her that defendant did not dispute the Complaint's allegations, did not intend to contest the matter, and agreed that default judgment was appropriate. Schleicher Decl. ¶ 4 (Docket No. 7). Defendant failed to appear, plead, or otherwise defend this action. *Id.* ¶ 5.

## LEGAL STANDARD

After an entry of default against an unresponsive defendant, a court may grant default judgment in plaintiff's favor and award damages. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court considers the following factors, as articulated in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the non-responding party is deemed to have admitted the factual allegations against him, except allegations of damages. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, the court accepts plaintiff's pleaded facts as true, but plaintiff must prove damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

### I. Whether to Grant Default Judgment

The Court entered default against defendant on March 6, 2018. (Docket No. 9). The consideration of the *Eitel* factors regarding entry default judgment is as follows.

#### A. Factor One: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether plaintiff will suffer prejudice if the court denies default judgment. Courts have found that this factor favors default judgment where plaintiff's only available legal remedy is default judgment, and where, without such judgment, plaintiff would be left without any recourse for recovery. *See, e.g.*, *Garcia v. Pacwest Contracting LLC*, No. 3:12-cv-01930-SI, 2016 WL 526236, at *3 (D. Or. Feb. 9, 2016); *Joe Hand Prods. v. Holmes*, No. 2:12-cv-00535-SU, 2015 WL 5144297, at *3 (D. Or. Aug. 31, 2015).

Defendant has not appeared, pleaded, or otherwise defended this action. According to plaintiff's counsel, counsel for defendant stated that defendant "does not intend to contest this matter, and agreed that default judgment was appropriate in this matter." Schleicher Decl. ¶ 4.

If the Court were to deny plaintiff's Motion, plaintiff would be left without remedy or recourse for recovery. Accordingly, the first *Eitel* factor supports entry of default judgment.

B. **Factors Two and Three: Merits and Sufficiency of the Complaint**

Factors two and three, the merits of plaintiff's substantive claims and the sufficiency of the complaint, "are closely related. Both factors require that a plaintiff's allegations state a claim on which the plaintiff may recover." *Joe Hand*, 2015 WL 5144297, at *3 (quotation omitted); *Garcia,* 2016 WL 526236, at *3.

Plaintiff's first claim for relief is breach of contract. "[A]n offer containing a promise for a consideration to do an act which a person has a lawful right to do, made by one person to another, followed by an unqualified and unequivocal acceptance by the person to whom it is made of the offer as made, creates a contract . . . ." *C. R. Shaw Wholesale Co. v. Hackbarth*, 102 Or. 80, 94 (1921). Plaintiff sufficiently pleads contract formation, that defendant agreed to pay for the equipment and additional service and parts, and that plaintiff performed as required under the contract. Compl. ¶¶ 8-16. Plaintiff also sufficiently pleads breach, in that defendant has not paid the balanced owed to plaintiff. *Id.* at ¶ 11.

Plaintiff's second claim for relief is account. "A common-law cause of action on an account requires proof that there was a sale and delivery of merchandise, that the prices were charged in accordance with an agreement or, in absence of an agreement, were usual, customary, and reasonable prices for merchandise, and that the account was not paid." *Nw. Country Place, Inc. v. NCS Healthcare of Or., Inc.*, 201 Or. App. 448, 460 (2005) (quoting Accounts & Accounting, 1 Am. Jur. 2d 630 § 8 (2005)). Plaintiff sufficiently pleads a claim for account: the parties agreed to the sale and delivery of equipment and parts, at reasonable prices, and defendant has not paid fully on the account. Compl. ¶¶ 8-11, 17-20.

Plaintiff's third claim for relief is account stated.

> An action on an account stated is upon a new promise to pay a specific amount and not upon the original debt or items of the account. The promise resulting from the accounting is the gist of the cause of action. It is necessary for a plaintiff claiming an account stated to establish an agreement to pay a particular amount of money calculated on the basis of previous monetary transactions of the parties.

*Tri-Cty. Ins., Inc. v. Marsh*, 45 Or. App. 219, 223 (1980). "The thrust of this theory is that an agreement may be inferred from the failure of a debtor to object to an accounting he receives from a creditor." *Id.* Plaintiff has sufficiently pleaded a claim for account stated: it alleges that it sent defendant invoices of amounts owed, with a summary of invoices to and payments made by defendant, and defendant never objected to the invoices. Compl. ¶¶ 8-11, 21-23.

Plaintiff's fourth claim for relief is quantum meruit.

> A claim for *quantum meruit* is a quasi-contractual claim. The elements of the claim are a benefit conferred, awareness by the recipient that a benefit has been received, and judicial recognition that, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it.

*Safeport, Inc. v. Equip. Roundup & Mfg., Inc.*, 184 Or. App. 690, 706 (2002) (citations omitted). Plaintiff has sufficiently pleaded quantum meruit as an alternative theory of relief: it alleges that it provided equipment, service, and parts to defendant, from which defendant received a benefit; defendant failed to pay fully for those goods and services; and it would be unjust for defendant to retain that benefit without paying for it. Compl. ¶¶ 8-11, 24-26.

### C. Factor Four: Money at Stake

"The fourth *Eitel* factor is the sum of money at stake in the action. Under this factor, a court considers the sum of money in relation to the seriousness of the defendant's conduct." *Garcia*, 2016 WL 526236, at *3 (alteration and quotation omitted); *Joe Hand*, 2015 WL 5144297, at *7.

Here, plaintiff has presented uncontested evidence that it is owed $376,146.06. This is a substantial sum for defendant to have failed to pay for equipment and services received. This factor favors entry of default judgment.

### D. Factor Five: Possibility of Dispute Concerning Material Facts

"The fifth *Eitel* factor is the possibility of a dispute concerning material facts. Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Garcia,* 2016 WL 526236, at *4 (quotation and citation omitted); *Joe Hand*, 2015 WL 5144297, at *7.

There is no dispute concerning material facts. The Court takes all of plaintiff's allegations as true upon entry of default, except as to damages. Defendant has taken no action to put any facts into dispute. Defendant apparently has conceded the truth of plaintiff's allegations. Thus, this factor favors entry of default judgment.

### E. Factor Six: Whether Default Is Due to Excusable Neglect

"The sixth *Eitel* factor inquires whether defendant's default might have resulted from excusable neglect." *Joe Hand*, 2015 WL 5144297, at *8; *Garcia,* 2016 WL 526236, at *4.

The possibility of excusable neglect here is minimal. Plaintiff has presented evidence that defendant has conceded that default is appropriate. Schleicher Decl. ¶ 4. Defendant was served with plaintiff's Motion for Default, Motion for Default Judgment, and Amended Motion for Default Judgment. (Docket Nos. 8, 13, 17). This factor favors entry of default judgment.

### F. Factor Seven: Decision on the Merits

The seventh *Eitel* factor is the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. Although "cases should be decided upon their merits whenever reasonably possible," *id.*, "the mere existence of Fed. R. Civ.

P. 55(b) indicates that this preference, standing alone, is not dispositive." *Garcia,* 2016 WL 526236, at *4 (quotation omitted). "[C]ourts have consistently concluded that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. Where defendants have failed to appear or respond in a given matter, a decision on the merits is impossible." *Joe Hand*, 2015 WL 5144297, at *8 (quotation and citations omitted). "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Garcia,* 2016 WL 526236, at *4.

Given defendant's failure to appear, plead, or defend this action, and his apparent agreement that default is appropriate, a decision on the merits is impossible. This factor does not preclude entry of default judgment.

\* \* \*

Six of the *Eitel* factors favor entry of default judgment. This analysis strongly supports entry of default judgment.

## II. Damages

Following an entry of default, the facts in the complaint are taken as true, but "neither the default nor the allegations in the complaint can establish the amount of damages." *Lasheen v. Embassy of the Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015); *see TeleVideo Sys.*, 826 F.2d at 917-18. Thus, before the court can enter a default judgment on a sum uncertain, the plaintiff must prove its damages. *Joe Hand*, 2015 WL 5144297, at *3; *Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp.*, 226 F. Supp. 3d 1141, 1148 (D. Or. 2016).

As discussed above, plaintiff has provided proof that the unpaid balance for the equipment and services it provided defendant is $376,146.06, including interest. Suppl. DeWaard Decl. ¶¶ 6-7, Exs. 1 & 2. The Court requested, and plaintiff filed, supplemental

briefing regarding damages. Plaintiff's supplemental submission sets forth the evidence and calculation of damages, totals of balance owed in the Amended Motion. Suppl. DeWaard Decl. ¶ 9, Ex. 1, at 1, Ex. 3, at 2.  Plaintiff's financial calculations are based on the statements of Ryan DeWaard, plaintiff's Vice President. The Court finds that plaintiff has succeeded in supplying sufficient evidence under the governing standards regarding the  balance it is owed.  The parties have now stipulated that the amount owed from defendant to plaintiff is $396, 271.47.

Therefore, the Court enters this Order and a Judgment in favor of defendant in the amount of $396.271.47.

IT IS SO ORDERED.

DATED this 16th day of November, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge